### STATE *vs.* JOHN MULLEN.

Somerset. Opinion July 30, 1881.

*Larceny. Jurisdiction of the Supreme Judicial Court. · R. S., c. 131, § 1.*

By R. S., c. 131, § 1, the Supreme Judicial Court has jurisdiction on an indictment for larceny, where the property stolen was alleged to be worth but ten dollars.

ON REPORT OF FACTS AGREED.

From the agreed statement it appears, that a complaint was made before a trial justice against the respondent, for the larceny of two sheep, January 17, 1880, alleged to be of the value of five dollars each. A warrant was issued, upon which respondent was tried before the justice, who ordered the respondent to recognize for his appearance before the Supreme Judicial Court, Somerset county, to await the action of the grand jury. At the

March term, an indictment was found by the grand jury against Mullen, for larceny, the property being alleged to be of the value of ten dollars. If the Supreme Judicial Court has jurisdiction, the case is to stand for trial.

*Levi Greenleaf*, county attorney, for the State, cited: R. S., c. 131, § 1; *State* v. *Billington*, 33 Maine, 146; R. S., 1841, c. 162, § 13; R. S., c. 77.

*Walton and Walton*, for the defendant.

The respondent has been once tried by a court of competent jurisdiction, and the Supreme Judicial Court has not now, nor never had jurisdiction. R. S., c. 131, § § 1, 4; c. 132, § 3; *State* v. *Bonney*, 34 Maine, 223.

BARROWS, J. The question here presented is not a new one. It is substantially the same as that in *State* v. *Billington*, 33 Maine, 146. The question there, was whether the late district court had jurisdiction in case of an indictment for malicious mischief, in which it was not alleged that the injury to the property exceeded ten dollars. By c. 162, § 15, R. S., of 1841, justices of the peace had jurisdiction of the offence (which was described in § 13, of the same chapter,) "when the property so destroyed, or the injury occasioned by the trespass shall not be alleged to exceed the sum of ten dollars," in which case also the penalty was mitigated so as not to exceed that which might lawfully be imposed by justices of the peace in other cases. The provision under which it was claimed that the district court had concurrent jurisdiction, was found in c. 166, § 2, of the same revision, and gave to the district court jurisdiction of all offences, "with the exception of those" over which the Supreme Judicial Court had exclusive jurisdiction, and, "of those of which justices of the peace, police and municipal courts have by law, original jurisdiction exclusive or concurrent with the district court."

The construction given by the court was that where it did not expressly appear that the jurisdiction of the offence conferred upon the justices of the peace, or police or municipal courts, was exclusive, the district court had concurrent jurisdiction with them over the same cases. By c. 246, laws of 1852, § 1, the entire

jurisdiction, civil, criminal, and appellate of the district court, was transferred to the Supreme Judicial Court; and in the next revision of the statutes, the section which had been thus construed by the court, together with § 1, of the same chapter, which defined the criminal jurisdiction of the last named court, was condensed into the provision of c. 131, § 1, R. S., of 1857, which runs as follows : "The Supreme Judicial Court shall have original jurisdiction, exclusive or concurrent, of all criminal offences, except those of which the jurisdiction is conferred by law on municipal and police courts, and justices of the peace, and appellate jurisdiction of these." Substituting trial justices for justices of the peace, c. 131, § 1, R. S., of 1871, is of the same tenor. It must have the construction formerly given it; not only because the legislature is understood to have adopted that construction in re-enacting it, (*French* v. *Co. Com'rs,* 64 Maine, 586, and cases there cited) but because it is necessary if we would give the words, "or concurrent" in the statute as it stands, any meaning.

The case is stronger than *State* v. *Billington,* because in that case, the only penalty which the district court could impose in the absence of an allegation of value exceeding ten dollars, was that which might have been imposed by the justice of the peace; while larceny is punishable under R. S., c. 120, § 1, where the property stolen does not exceed the value of one hundred dollars, by imprisonment not more than two years, or by fine not exceeding one hundred dollars. So the lower courts have no power to impose the highest penalty prescribed by the law defining the crime and its punishment, and it is only by the special provision in R. S., c. 132, § 3, that they have jurisdiction to try and punish any such offence. The jurisdiction there given, is not exclusive, and the Supreme Judicial Court accordingly has concurrent jurisdiction in the same class of cases. It may sometimes occur, that owing to the circumstances under which the crime is committed, or on account of the necessity of protection for property unavoidably exposed, the magistrate may be satisfied that a larceny of property not exceeding ten dollars in value, would not be adequately punished by a "fine not exceeding ten

dollars, and imprisonment not more than two months"; and where such is the case, instead of assuming jurisdiction to try and dispose of the complaint, he may examine and bind over the offender to a court having power to impose the proper punishment within the limits of R. S., c. 120, § 1. It may well be that the practice of sheep stealing against which no watchfulness of the owner of the property can well guard, requires to be repressed by heavier penalties than the magistrate can lawfully impose, though the value of the property taken in each case, may be less than ten dollars.

In a pure case of petty larceny affected by no such considerations as those just suggested, but placed within his jurisdiction by c. 132, § 3, it is of course desirable that the magistrate should if possible, make a final disposition of the matter, and avoid a needless accumulation of costs.

*Case to stand for trial.*

APPLETON, C. J., DANFORTH, PETERS and LIBBEY, JJ., concurred.

WALTON, J., did not concur.